# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY LEE MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-00912-PRW |
| DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 9) and Plaintiff Anthony Lee Martin's Objections (Dkt. 10). For the reasons given below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the remaining pending motions as moot. (Dkts. 11, 12).[1]

Martin, a *pro se* state prisoner, filed this section 1983 action against the Oklahoma Department of Corrections and several of its employees. (Dkt. 1). Generally, he argues that the prison officials violated his rights by allegedly failing to recognize his common law marriage and refusing to allow him to correspond with his common law wife who is an inmate at the Mabel Basset Correctional Center. (*See id.*). After reviewing the matter, the Magistrate Judge recommended that the Court dismiss all of Martin's claims except for his

---

[1] The Court construes these as separate motions to amend the complaint. Because this Order grants Martin leave to amend, the relief Martin seeks in these motions is moot.

1

First Amendment claim against Defendant LeAndra Jackson. (Dkt. 9). Plaintiff timely filed objections to the Report and Recommendation on December 28, 2023.[2] (Dkt. 10).

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[3] An objection is "proper" if it is both timely and specific.[4] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[5] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[6] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[7] And because Plaintiff is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[8] A court should only

---

[2] Under the prison mailbox rule, a document is considered filed on "the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005); *Licerio v. Lamb*, No. 21-1375, 2022 WL 4100400, at *2 n.2 (10th Cir. Sept. 8, 2022) (applying the prison mailbox rule to a prisoner's objections to a magistrate judge's report and recommendation). But "the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Price*, 420 F.3d at 1165. When the "prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule." *Id.* Here, the legal mail notation on the envelope shows December 28, 2023, and it is postmarked January 2, 2023. Envelope (Dkt. 10-2). Accordingly, although the Court received the objection on January 4, 2023, the Court finds that Martin carried his burden, and considers the objection timely filed.

[3] Fed. R. Civ. P. 72(b)(3).

[4] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[5] *Id.*

[6] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[7] *Id.*

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

dismiss "a pro se complaint for failure to state a claim" where "it would be futile to give him an opportunity to amend."[9]

Martin objects to each of the Magistrate Judge's dismissal recommendations generally, but rather than explain how those recommendations were in error, he merely rehashes his theories of liability. Having carefully considered and liberally construed Martin's objections, the Court finds no error in the well-reasoned Report and Recommendation.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 9), **DISMISSES** Martin's claims against Defendant Amy Beam, and **DISMISSES without prejudice** all of Martin's other claims except for his First Amendment claim against Defendant LeAndra Jackson.

Martin has not yet amended his complaint. The Court finds it would be futile to allow him to amend his due process claim against Beam but not his other claims. Thus, the Court grants Martin leave to file an amended complaint on or before October 11, 2024, but he may not reassert his due process claim against Beam. The Court will not consider any pleading that Martin files after such time. The Court **DENIES AS MOOT** the remaining pending motions (Dkts. 11, 12).

**IT IS SO ORDERED** this 20th day of September 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018)