#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY LEE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-00912-PRW |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

#### ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 16) and Plaintiff Martin's Objection (Dkt. 18). For the reasons given below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** the Amended Complaint (Dkt. 16) **WITHOUT PREJUDICE**.

Martin, a *pro se* state prisoner, filed this action against the Oklahoma Department of Corrections and several of its employees, seeking monetary damages and injunctive and declaratory relief under Section 1983 and state law. On September 20, 2024, the Court adopted Judge Erwin's Report and Recommendation (Dkt. 9), dismissed most of Martin's claims, and granted him leave to file an amended complaint.[1] On October 15, 2024, Martin filed his Amended Complaint (Dkt. 14), superseding his original complaint and rendering it of no legal effect.[2]

---

[1] Order (Dkt. 13).

[2] *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).

1

Martin generally argues that prison officials violated his rights by allegedly failing to recognize his common law marriage and refusing to allow him to correspond with his common law wife who is an inmate at the Mabel Basset Correctional Center. (*See* Dkt. 14). After reviewing the matter, Judge Erwin recommended that the Court dismiss the Amended Complaint in its entirety. (Dkt. 16). Martin timely objected. (Dkt. 18).[3]

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[4] An objection is "proper" if it is both timely and specific.[5] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[6] Additionally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[7] Because Plaintiff is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[8] A court should only

---

[3] Judge Erwin informed Martin that any objection must be filed on or before December 9, 2024. On December 9, Martin filed a Motion for Extension of Time to File Objections because the printer at his facility was disabled at the time. On December 16, he filed his Objection (Dkt. 18). Upon review, and for good cause shown, the Court **GRANTS** the motion for extension of time (Dkt. 17) and deems Martin's Objection (Dkt. 18) to have been timely filed.

[4] Fed. R. Civ. P. 72(b)(3).

[5] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[6] *Id.*

[7] *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

dismiss "a pro se complaint for failure to state a claim" where "it would be futile to give him an opportunity to amend."[9]

Nowhere in the 44-page Objection does Martin address the deficiencies in his Amended Complaint that Judge Erwin points out in the Report and Recommendation. Throughout the first 12 pages, Martin rehashes his theories of liability. And in the remainder, he either attempts to add law and facts to his Amended Complaint, or he refers to facts in his original complaint, which his Amended Complaint superseded. These do not, however, constitute proper objections, as issues may not be raised for the first time in an objection to a magistrate judge's Report and Recommendation,[10] and the Amended Complaint rendered the Original Complaint of no legal effect.[11]

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[12] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[13] Finding none, the Court agrees with Judge Erwin's analysis and conclusions. Accordingly, the Court **ADOPTS** the Report and

---

[9] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018).

[10] *Marshall*, 75 F.3d at 1426; *see also Everett v. NAPCO Pipe & Fittings*, No. 23-1039-JWB, 2024 WL 4116647, at *2 (D. Kan. Sept. 9, 2024) (finding that the plaintiff's attempts to add law and facts to his complaint via his objection did not constitute proper objections).

[11] *Franklin*, 160 F. App'x at 734 (10th Cir. 2005) (finding that the district court did not err in examining only the claims included in the pro se plaintiff's amended complaint).

[12] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[13] *Id.*

Recommendation (Dkt. 16) in its entirety and **DISMISSES** Martin's Amended Complaint **WITHOUT PREJUDICE**.

Although Martin does not raise proper objections, liberally construed, he seeks leave to amend his complaint by way of the additional facts he raised in his Objection. Martin has already had one opportunity to amend. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The decision whether to grant leave is within the district court's discretion.[14] Justifiable reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]"[15] As Judge Erwin notes, Martin has been previously instructed regarding the pleading requirements. Martin has already failed to cure the deficiencies of his pleadings once. Accordingly, the Court concludes that leave to amend as to all defendants except for Defendant LeAndra Jackson would be futile.

As to Jackson, the Court previously concluded that Martin stated a First Amendment claim against her in his Original Complaint. (Dkt. 13). But as Judge Erwin found in his Report and Recommendation (Dkt. 16), Martin failed to state a claim against Jackson in his Amended Complaint (Dkt. 14). In his Objection, Martin explains that because the Court already concluded that he stated a claim against Jackson, he "did not see the need to re-

---

[14] *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001).

[15] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

litigate the claim against [her]."[16] But again, the Amended Complaint rendered the Original Complaint of no legal effect. That said, because Martin previously stated a claim against Jackson, the Court cannot conclude that it would be futile to grant him leave to amend his complaint one more time as to her. Accordingly, Martin may seek leave to file a second amended complaint, pursuant to LCvR15.1, on or before May 15, 2025. Martin may only reassert his First Amendment claim against Jackson. The Court will not consider any pleading that Martin files after May 15, 2025. Should Martin fail to timely seek leave to amend, a judgment will be entered in favor of the defendants.

**IT IS SO ORDERED** this 24th day of April 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[16] Objection (Dkt. 18), at 34.